*Margin note:* Chittenden, January. 1814. Peaslee vs. Staniford.

---

### PEARL vs. HOWARD.

The statute regulating Conveyances, provides, as a general rule, that every deed of conveyance, shall be acknowledged before a magistrate, and if the proof of a deed be taken before a judge, the certificate of such proof must state the existence of those facts, which takes the case out of the general rule, and brings it within the exception made by the statute, authorising such proof to be taken before a judge.

THIS was an action of ejectment, for a lot of land in Milton.

*Plea—the general issue.*

January.
1814.

Pearl
vs.
Howard.

On trial the plaintiff offered in evidence, a deed purporting to have been executed by one Barkley, of Poughkeepsie, in Dutchess County, in the State of New-York. The deed was not acknowledged by the grantor, but had been proved before a judge of the Supreme Court in this State, by one of the subscribing witnesses. The certificate of the judge, stated the proof to have been made, but stated no reason, why the personal acknowledgement of the grantor had been dispensed with, or the ground on which the judge admitted the proof.

*Allen*, for the defendant objected to the reading of the deed as evidence, on the ground that the statute regulating conveyances had provided as a general rule that every deed be authenticated by a personal acknowledgement of the grantor, before a magistrate.—That the statute provided for taking the proof of deeds in certain special cases only, as exceptions to the general rule.—That proof of a deed therefore, could not be taken in any and every case as a matter of course; but in those cases only, which are by the statute, excepted from the general rule; and that it must appear from the certificate of the proof, that the case came within the exception of the statute, and cited 6th section of the act, for authenticating conveyances, 1 vol. compiled Laws, 190; and section 13, 195.

*G. Robinson* for the plaintiff, replied.—That the certificate in this case, was made in the usual form.—That he had never known a judge taking the proof of a deed, certify the reason for taking the proof.

*By the Court.*—The statute permits proof of the execution of a deed to be taken instead of a personal acknowledgement of the grantor before a magistrate, in particular cases only, which were made exceptions to the general provisions of the statute. And it ought to appear from the certificate of the judge or the court, before whom the proof was taken, that the case was within some one of the exceptions of the statute, or it cannot appear that the proof was properly admitted.

The 5th section of the Statute, regulating conveyances, contains a general provision, for the authentication of deeds of conveyance, as necessary to give them the full effect intended by the act. And that is, that the party executing shall in person acknowledge the execution before a justice of the peace; this forms the general rule,

and every person in the State, holding and exercising the office of justice of the peace, has authority to take and certify such acknowledgement.    To this general rule there are several exceptions.    As in the 6th section, when any grantor or lessor, shall go beyond sea, shall remove, or be absent from this State, or dead, before the deed of conveyance by him or her signed, shall be acknowledged, in such case, proof of the execution of such deed by any one of the subscribing witnesses made before any Councillor, Judge of the Supreme Court, or judge of any County Court, in this State, shall be equivalent to the grantor's acknowledgement before a justice of the peace.

*Chittenden, January. 1814.*

*Pearl vs. Howard.*

Another and further exception in the same section is, that when the grantor and all the witnesses shall die, remove out of the State, or have gone beyond sea before such deed shall have been acknowledged, proof of the execution thereof may be made before the Supreme Court, or before any County Court in this State, by proving the hand writing of the grantor, or witnesses ; or by other proof to the satisfaction of the court; and which, being certified, agreeably to the directions therein given, shall also be equivalent to an acknowledgement by the party executing.    These are clearly excepted cases.    And, in order that proof be admitted, in lieu of a personal acknowledgement in any instance, it must appear in the certificate, or document of proof, to be a case within some of the exceptions.    This cannot be supplied *aliunde.*    Such, if we consider the intention of the Legislature, as expressed in the preamble to the act, will appear to be the unavoidable construction.

The words of the preamble are.—" Whereas it is necessary to prevent uncertainty, fraud and perjury, in transferring real estate, that a mode therefor should be established, easy, certain and notorious—Therefore," &c.

If the proof of a deed do not appear by the certificate to be a case within some of the exceptions mentioned, we may make a presumption in favor of its authenticity : we may take it as *prima facie* evidence, that the Court or judge acted right, and upon a proper occasion, and permit the party in interest to set it aside by proof.    But this would frustrate the intention of the act.—It would leave the authenticity of the instrument uncertain, which it was clearly intended should appear conclusive on record in the proper office.    Nei-

*Chittenden,*
January.
1814.

Pearl
*vs.*
Howard.

ther the bonafide purchaser, or the bonafide creditor, could rely on the information obtained from the record.   They might both be deceived to their utter ruin, by proof *ab extra* of which they had no means of knowledge.

If we take it, as conclusive of the case, because the judge or the Court have acted therein, it will nearly supercede the general provision, that instruments shall be authenticated by a personal acknowledgement of the grantor before a magistrate ; beside opening a wide door to those frauds, which it was intended to prevent.— Still further, it would cantravene an established rule of construction, which is, that in any case of special or particular jurisdiction or authority, given in particular instances, no presumption is to be made in favor of the jurisdiction or authority.   All proceedings under pretext of such authority, are deemed null and void, unless it appear on the face of the proceedings to be a case clearly within it. This is a clear and settled distinction, as it respects a general jurisdiction or authority, and that which is special or limited to particular occasion or cases, presumption is in favor of the former, not of the latter.   The deed therefore, cannot be read in evidence.

Verdict for the defendant.